WIEDE v. INTERNATIONAL INS. CO. See Case No. 17,617.

## Case No. 17,618.

### In re WIEGAND.

[14 Blatchf. 370.] [1]

Circuit Court, S. D. New York. Dec. 29, 1877.

EXTRADITION PROCEEDING—FINDING OF COMMISSIONER—CONCLUSIVENESS.

In a case of extradition, before a United States commissioner, where he has before him legal and competent evidence relating to the charge against the accused, it is his judicial duty to judge of the effect of such evidence, and neither the duty nor the power to review his action thereon has been conferred on any other judicial officer.

[Cited in Re Fowler, 4 Fed. 317.]

[In the matter of Eberhard Wiegand. On habeas corpus.]

Abram J. Dittenhoefer, for accused.

Edward Salomon, for the German Government.

BLATCHFORD, District Judge. It is admitted that the offence of embezzling public money is within the treaty, and that the documentary evidence put in on the part of the German Government is properly authenticated under the act of congress, and is legally evidence under said act, to be considered on the question of the criminality of the accused. It is also conceded that the accused is to be regarded as having been

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

committed by the commissioner for extradition for the offence charged, of having embezzled public money.

The counsel for the accused contends that the commissioner ought not to have committed the accused for extradition, because he had not before him evidence of a competent character sufficient to establish probable cause to believe the accused guilty of the crime of embezzling public money. The commissioner had before him, as evidence on that subject, what purported to be a letter from Wiegand, of June 5th, 1877, and sundry entries made by Wiegand in books kept by him. The commissioner was the sole judge of the weight to be given to this evidence, subject only to a review by the president. There was sufficient evidence before him for him to say that he was satisfied, on legal grounds, that the letter in question was proved to have been written by Wiegand, and that the entries in question were made by the hand of Wiegand. It is determined in this court (In re Stupp, [Case No. 13.563]; In re Vandervelpen [Id. 16,844]) that, in a case of extradition before a commissioner, where he has before him documentary evidence from abroad, properly authenticated under the act of congress, and such as is made evidence by such act, and which relates to the charge against the accused, it is the judicial duty of the commissioner to judge of the effect of such evidence, and that neither the duty nor the power to review his action thereon has been conferred on any other judicial officer. This province of the commissioner extended to a determination of the question as to whether the embezzlement was a continuing embezzlement.

I do not consider the case as to the crime of forgery, for, the accused is legally held in custody under the warrant of arrest and the commitment thereon, which warrant and commitment are for the crime of embezzling public money as well as for the crime of forgery, and this is a proceeding on habeas corpus, and not a proceeding in review of the action of the commissioner, as on a writ of error.

The writs of habeas corpus and certiorari are discharged, and the accused is remanded to the custody of the marshal under the process returned as the cause of imprisonment.